IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| MIDWEST CARGO SYSTEMS, INC. an Illinois corporation, | ) ) ) ) | Case No. |
| Plaintiff, | ) ) | Judge |
| v. | ) ) ) | JURY TRIAL DEMANDED |
| MIDWEST CARGO DIRECT, INC. an Illinois corporation. | ) ) ) | |
| Defendant. | ) ) ) | |

**COMPLAINT**

Plaintiff, Midwest Cargo Systems, Inc., an Illinois Corporation, hereby complains that Defendant Midwest Cargo Direct, Inc., an Illinois Corporation, is liable for willful federal trademark infringement and unfair competition, as well as unfair competition and deceptive trade practices, and unjust enrichment under Illinois law. In support of its complaint, Plaintiff, by its undersigned counsel, alleges as follows:

**THE PARTIES**

1.  Plaintiff, Midwest Cargo Systems, Inc. ("Midwest Cargo Systems" or "Plaintiff") is an Illinois corporation, having a place of business at 9750 75th St, Hodgkins, IL 60525.

2.  Midwest Cargo Systems engages in transportation services for the transport of goods.

3.  On information and belief, Defendant, Midwest Cargo Direct, Inc. ("Midwest Cargo Direct" or "Defendant"), is an Illinois corporation, having a place of business at 200 W. Higgins Road, Suite 303, Schaumburg, IL 60195.

4. On information and belief, Midwest Cargo Direct engages in transportation services for the transport of goods in interstate commerce, including in Illinois and in this district.

## MIDWEST CARGO SYSTEM'S TRADEMARK

5. Midwest Cargo Systems began using the service mark MIDWEST CARGO SYSTEMS on or about April 6, 1982 in association with its business.

6. Midwest Cargo Systems has used the service mark MIDWEST CARGO SYSTEMS in association with its business continuously in interstate commerce since April 1982.

7. Through the years of exclusive use of the service mark MIDWEST CARGO SYSTEMS, Midwest Cargo Systems has established common law trademark rights in the service mark at least in Illinois and in this district.

8. Through the years of exclusive use of the service mark MIDWEST CARGO SYSTEMS, consumers recognize the service mark as being associated with Plaintiff, Midwest Cargo Systems.

9. Midwest Cargo Systems is the owner of United States Registered Trademark 5,185,320 for the word mark MIDWEST CARGO SYSTEMS ("Registered Mark"). Ex. 1.

10. The Registered Mark was filed as a use-based application on August 29, 2016, and was registered on the Principal Register on April 18, 2017.

11. The Registered Mark asserts a date of first use in commerce of April 6, 1982.

12. The recited services in the Registered Mark are transportation logistics services, namely, arranging the transportation of goods for others; and freight transportation by truck,

2

transportation and storage of goods in refrigerated conditions in international classes 035 and 039, respectively.

13. Registration of the Registered Mark on the Principal Register is prima facie evidence of the validity thereof.

## MIDWEST CARGO SYSTEM'S TRUCKS AND LOGO

14. Midwest Cargo System uses a solid blue color for its truck tractors, and places the logo below on its truck tractor doors.

 

15. Midwest Cargo Systems has used the solid blue color for its truck tractor and the logo above since at least 1997.

16. On information and belief, consumers recognize the combination of the truck tractor color and the predominantly yellow logo as being associated with Midwest Cargo Systems.

## MIDWEST CARGO DIRECT'S INFRINGING ACTS

17. On information and belief, Midwest Cargo Direct was previously incorporated on December 29, 2008 under the name Ivkony Transportation, Inc.

18. On information and belief, Midwest Cargo Direct changed its name to Midwest Cargo Direct, Inc. on or about October 19, 2012.

19. Midwest Cargo Direct's change of name to Midwest Cargo Direct, Inc. was made years after Midwest Cargo Systems had established common law trademark rights in at least

3

Illinois through its use of the mark MIDWEST CARGO SYSTEM in association with its services.

20. On information and belief, Midwest Cargo Direct was aware of Midwest Cargo Systems' use of the brand "MIDWEST CARGO SYSTEMS" prior to its adoption of the name "MIDWEST CARGO DIRECT, INC." and prior to its adoption of the brand "MIDWEST CARGO DIRECT."

21. On information and belief, Midwest Cargo Direct adopted the name "MIDWEST CARGO DIRECT, INC." and operated under the brand MIDWEST CARGO DIRECT with the intent to misappropriate the goodwill of Midwest Cargo Systems and to cause consumer confusion to cause potential consumers to associate Midwest Cargo Direct with Plaintiff.

22. On information and belief, Midwest Cargo Direct painted its trucks in a similar color to those of Midwest Cargo Systems.

23. On information and belief, Midwest Cargo Direct adopted the logo below and placed it on its truck tractor doors in substantially the same manner that Midwest Cargo System's places its logo on its trucks.



24. On information and belief, Midwest Cargo Direct painted its trucks in a similar color to those of Midwest Cargo Systems and positioned its predominantly yellow logo similarly to how Midwest Cargo Systems does with the intent of misappropriating the goodwill of Midwest Cargo Systems and to cause consumer confusion to cause potential consumers to associate Midwest Cargo Direct with Plaintiff.

25. Midwest Cargo Systems has attempted on multiple occasions to discuss Midwest Cargo Direct's use of the brand "MIDWEST CARGO DIRECT" and requested that Midwest Cargo Direct cease and desist from such use, but has received no response to any of its inquiries.

26. On information and belief, Midwest Cargo Direct has chosen to ignore Midwest Cargo Systems' request that it cease and desist from all use the brand "MIDWEST CARGO DIRECT."

27. Midwest Cargo Systems has experienced multiple instances of actual confusion caused by Midwest Cargo Direct's use of the name "MIDWEST CARGO DIRECT" as well as the use of the color blue of its trucks and the appearance, size and placement of its logo.

28. In one instance, Midwest Cargo Systems received a safety complaint regarding a Midwest Cargo Direct driver, wherein a motorist in Indiana contacted Midwest Cargo Systems to complain about the driving of a truck that turned out to be a Midwest Cargo Direct Truck.

29. In another instance, Midwest Cargo Systems was contacted regarding and accident involving a Midwest Cargo Direct truck by an Illinois State Trooper, where the truck involved in the accident turned out to be a Midwest Cargo Direct Truck.

30. On information and belief, Midwest Cargo Direct has retained a benefit due to its actions by causing consumer confusion to the detriment of Plaintiff through diverted consumers and misappropriation of Plaintiff's goodwill and reputation.

## JURISDICTION AND VENUE

31. This action is for (1) trademark infringement under the Federal Trademark Act, also known as the Lanham Act (15 U.S.C. §§ 1051-1127); (2) false designation or origin, or false or misleading description nor representation of fact under 15 U.S.C. § 1125(a); (3) unfair competition and deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act (815 ILCS §§ 510/1-510/7); and unjust enrichment.

32. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

33. Defendant Midwest Cargo Direct is subject to personal jurisdiction in this judicial district because it is a resident in Illinois and in this district, because it regularly conducts business in Illinois and in this this district, and because it committed or is committing one or more of the acts complained of herein within this state and judicial district.

34. Venue is proper in this juridical district pursuant to 28 U.S.C. § 1391(a)-(c) because a substantial part of the events complained of occurred in this district, Midwest Cargo Direct knowingly committed tortious acts aimed at and causing harm in this state and this district, and Midwest Cargo Direct is subject to personal jurisdiction herein. Moreover, the damage to Midwest Cargo Systems and to its Registered Trademark described herein has occurred and continues to occur in this judicial district.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## 15 U.S.C. Section 1114

35. Plaintiff Midwest Cargo Systems realleges and incorporates by reference paragraphs 1-34 of its Complaint as if fully set forth herein.

36. This Count is based on infringement of a trademark registered under the trademark laws of the United States and, more particularly, under 15 U.S.C. § 1051 et seq. Defendant Midwest Cargo Direct's unauthorized use of the confusingly similar brand "MIDWEST CARGO DIRECT " in association with its services was and is likely to cause confusion, mistake or deception as to the source, affiliation, connection or association of Midwest Cargo Direct with Midwest Cargo Systems, or as to the sponsorship, approval or affiliation of Midwest Cargo Direct with Midwest Cargo Systems, in violation of 15 U.S.C. §1114.

37. Midwest Cargo Direct had actual or constructive notice or knowledge pursuant to 15 U.S.C. § 1072 of the Registered Mark and Plaintiff's exclusive rights therein.

38. Midwest Cargo Direct's actions constitute willful trademark infringement.

39. As a result of Midwest Cargo Direct's willful infringement, Midwest Cargo Systems has been, is now, and will continue to be damaged and irreparably harmed and thus, Midwest Cargo Systems has no adequate remedy at law.

40. On information and belief, Midwest Cargo Direct will continue such infringement unless enjoined by this Court.

## COUNT II
## FEDERAL UNFAIR COMPETITION
## 15 U.S.C. § 1125(a)

41. Plaintiff Midwest Cargo Systems realleges and incorporates by reference paragraphs 1-40 of its Complaint as if fully set forth herein.

42. This Count is based on false designation of origin and false description or representation in violation of 15 U.S.C. § 1125(a). Midwest Cargo Systems has used and is

currently using its Registered Mark, logo, and color scheme in commerce to identify its services and to distinguish them from the services of others.

43. Long after Midwest Cargo Systems' first use of its Registered Mark, logo, and color scheme, Midwest Cargo Direct began using its confusingly similar brand "Midwest Cargo Direct", a similar logo, and same color scheme for its trucks in commerce to identify its services. Those acts of constitute a false description and representation to consumers and potential consumers that Midwest Cargo Direct's services are authorized by, sponsored by or affiliated with Midwest Cargo Systems, all in violation of 15 U.S.C. § 1125(a).

44. Midwest Cargo Direct's violation of 15 U.S.C. § 1125(a) is willful and deliberate.

45. As a result of Midwest Cargo Direct's willful unlawful acts, Midwest Cargo Systems has been, is now, and will continue to be damaged and irreparably harmed and thus, Midwest Cargo Systems has no adequate remedy at law.

46. On information and belief, Midwest Cargo Direct will continue such unlawful acts unless enjoined by this Court.

## COUNT III
## ILLINOIS DECEPTIVE TRADE PRACTICES
## 815 ILCS § 510/1- 510/7

47. Plaintiff Midwest Cargo Systems realleges and incorporates by reference paragraphs 1-46 of its Complaint as if fully set forth herein.

48. This Count is based on unfair competition and deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510/1- 510/7).

49. Midwest Cargo Direct, with full knowledge of Midwest Cargo Systems' superior rights in the mark MIDWEST CARGO SYSTEMS, willfully adopted and is using the MIDWEST CARGO DIRECT brand, a similar color for its trucks, and a similar logo in

connection with its services with the deliberate and express purpose of obtaining the benefit of Midwest Cargo Systems' goodwill and reputation; and Midwest Cargo Direct's unfair or deceptive acts or practices are likely to cause, are intended to cause, and are actually causing, confusion and deception of the public.

50. Midwest Cargo Direct's willful use of a brand that is confusingly similar to the Registered Trademark, a similar color for its trucks, and a similar logo to that of Plaintiff is likely to cause confusion, mistake, or deception as to the source, sponsorship or approval of Midwest Cargo Direct's services and has created a likelihood of confusion or misunderstanding as to whether Midwest Cargo Direct is affiliated, connected or associated with Midwest Cargo Systems in violation of 815 ILCS § 510/1-510/7.

51. Unless enjoined by the Court, Midwest Cargo Direct will continue to do the acts complained of herein and cause damage and injury to Midwest Cargo Systems' business reputation and confusion as to the source of Midwest Cargo Direct's services, all to Midwest Cargo Systems' and the public's irreparable harm, for which Midwest Cargo Systems has no adequate remedy at law.

## COUNT IV
## UNJUST ENRICHMENT

52. Plaintiff Midwest Cargo Systems realleges and incorporates by reference paragraphs 1-51 of its Complaint as if fully set forth herein.

53. Defendant has, by way of its actions created consumer confusion and misappropriated Plaintiff's goodwill and reputation, and thereby unjustly retained a benefit to Plaintiff's detriment.

54. Defendant's actions are without authority or approval of Plaintiff.

55. Defendant's actions were done with the intent to misappropriate Plaintiff's goodwill.

56. Defendant has been unjustly enriched by its actions.

## RELIEF REQUESTED

WHEREFORE, Midwest Cargo Systems respectfully requests that this Court enter judgment in its favor and against Midwest Cargo Direct as follows:

a. Find that Midwest Cargo Direct has infringed the Registered Mark in violation of 15 U.S.C. § 1114;

b. Find that Defendant's infringement of the Registered Mark is willful;

c. Find that Defendant's use of the brand "Midwest Cargo Direct", the painting of its trucks blue, and the use and placement of its logo constitute unfair competition;

d. Find that Defendant's unfair competition is willful;

e. Find that Defendant's use of the brand "Midwest Cargo Direct", the painting of its trucks blue, and the use and placement of its logo constitute a deceptive trade practice;

f. Find that Defendant's deceptive trade practice is willful;

g. Find that Defendant has been unjustly enriched.

h. Grant an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116 permanently restraining and enjoining Midwest Cargo Direct, its parents, subsidiaries, affiliates, officers, agents, representatives, employees, successors, and assignees, and all those persons in active concert or participation with Midwest Cargo Direct from:

   i. registering or using the "Midwest Cargo Direct" or a name that is identical or confusingly similar to Midwest Cargo System's Registered Mark; advertising,

      marketing, promoting, supplying, distributing, selling, or offering for sale, any services relating thereto; and/or engaging in any other activity constituting an infringement of any of Midwest Cargo System's rights in Midwest Cargo System's Registered Mark;

  ii. using in any way in connection with defendant's business any other mark, designation or term so similar to plaintiff's Registered Mark, as to be likely to cause confusion, or to cause mistake, or to deceive;

  iii. otherwise infringing plaintiffs Registered Mark;

  iv. injuring plaintiffs business reputation and the goodwill associated with plaintiffs Registered Mark, color scheme, and logo, and from otherwise unfairly competing, directly or indirectly with plaintiff; and

  v. causing a likelihood of confusion or misunderstanding as to source, sponsorship, association, affiliation, approval or certification with or by plaintiff, or engaging in conduct tending to create a false commercial impression of plaintiffs products or services or any other conduct that tends to pass off defendant's products or services as those of plaintiff or creates a likelihood of confusion or misunderstanding or false representation.

i. Require Midwest Cargo Direct to file with this Court and serve on Midwest Cargo Systems within thirty days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Midwest Cargo Direct has complied with the injunction;

j. Such other relief as this Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any services at issue in this

action have been advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Midwest Cargo Direct, has been authorized by Midwest Cargo Systems, or is related in any way with Midwest Cargo Systems and/or its services;

k. Recover from Midwest Cargo Direct all damages that Midwest Cargo Systems has sustained and will continue to sustain as a result of such infringing acts, and all ill-gotten gains, profits, and advantages obtained by Midwest Cargo Direct, in an amount to be determined;

l. Award Midwest Cargo Systems its costs in this action, attorney's fees, investigatory fees, and expenses to the full extent provided by 15 U.S.C. § 1117;

m. Award Midwest Cargo Systems pre-judgment interest on the monetary award made part of the judgment against Midwest Cargo Direct; and

n. Award Midwest Cargo Systems such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Midwest Cargo Systems hereby requests trial by jury for all issues for which a jury trial is appropriate.

Date: October 4, 2019          Respectfully submitted,

By     s/ Joseph M. Kuo
       Joseph M. Kuo (ARDC 6216400)
       SAUL EWING ARNSTEIN & LEHR LLP
       161 N. Clark Street, Suite 4200
       Chicago, Illinois 60601
       (312) 876-7151
       (312) 876-0288
       joseph.kuo@saul.com

*Attorneys for Plaintiff*
*Midwest Cargo Systems, Inc.*